AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

Judge Pauley

CRAIG ROBINS,

*Plaintiff*

v.

DAVID ZWIRNER, DAVID ZWIRNER GALLERY, LLC, and DAVID ZWIRNER, INC.,

*Defendant*

Civil Action No. 10 CIV 2787

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

David Zwirner
c/o David Zwirner Gallery, LLC
525 West 19th Street
New York, NY 10011

David Zwirner Gallery, LLC
525 West 19th Street
New York, NY 10011

David Zwirner, Inc.
525 West 19th Street
New York, NY 10011

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

AARON RICHARD GOLUB, ESQUIRE, P.C.
42 EAST 64TH STREET
NEW YORK, NY 10065

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON

CLERK OF COURT

MAR 29 2010

Date: ____________________

*Signature of Clerk or Deputy Clerk*

AARON RICHARD GOLUB, ESQUIRE, PC
Attorneys for Plaintiff
42 East 64th Street
New York, New York 10065
ph: 212-838 4811
fx: 212-838-4869
ARG 6056

Judge Pauley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X Civil Action No. 10 CIV 2787

CRAIG ROBINS,

Plaintiff,

**COMPLAINT**
**(Jury Trial Demanded on all non-equitable claims)**

-against-

DAVID ZWIRNER, DAVID ZWIRNER GALLERY, LLC, and DAVID ZWIRNER, INC.,

Defendants.

---------------------------------------X

RECEIVED MAR 29 2010 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff CRAIG ROBINS, by his attorney, AARON RICHARD GOLUB, ESQUIRE, PC as and for his complaint, alleges as follows:

**THE PARTIES**

1. Plaintiff is a private collector of contemporary art and design. At all relevant times, plaintiff's domicile and principal place of business was and is in Miami Beach, Florida.

2. Upon information and belief, at all relevant times, defendant DAVID ZWIRNER ("DZ")is and was domiciled in New York and is and was the principal owner and/or majority member of defendants DAVID ZWIRNER GALLERY, LLC ("DZG") and DAVID ZWIRNER, INC. ("DZI").

3. Upon information and belief, defendant DZG is a Delaware limited liability company authorized to conduct business in the State of New York with its principal place of business located at 525 West 19th Street, New York, New York. DZG is a gallery principally engaged in the business of exhibiting, purchasing and selling items of Modern and Classic Contemporary art in both the Primary and Secondary Markets.[1] At all relevant times, DZG was principally owned and operated by DZ.

4. Upon information and belief, defendant DZI is a corporation duly organized under the laws of the State of New York with its principal place of business located at 525 West 19th Street, New York, New York and is principally engaged in the business of exhibiting, purchasing and selling items of Modern and Classic Contemporary art in both the Primary and Secondary Markets. At all relevant times, DZI was principally owned and operated by DZ.

**JURISDICTION**

5. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C sec. 1332(a)(1) the diversity jurisdiction statute. Complete

[1] The Primary Market refers to artwork sold in the market for the first time through a gallery or art exhibition. The price for that specific artwork is established for the first time. The second time the artwork is sold and all subsequent sales of it occur in the Secondary Market.

diversity of citizenship exists between all proper parties to this action.

6. Plaintiff, a United States citizen and domiciled in the State of Florida, asserts claims arising from a breach of contract and fraud, against defendants, one of whom is a United States citizen and domiciled in the State of New York, one is a limited liability company incorporated in the State of Delaware and domiciled in the State of New York, and one is a domestic business corporation domiciled in the State of New York. Complete diversity exists between the parties in this action.

7. The complaint seeks equitable and injunctive relief and alternatively, inter alia, compensatory damages believed to be in excess of Three Million Dollars ($3,000,000.00) exclusive of costs and interest. Accordingly the amount in controversy is in excess of the statutory minimum of seventy-five thousand dollars ($75,000.00).

**FACTUAL BACKGROUND**

8. In or about December, 2004, plaintiff sold the painting "Reinhardt's Daughter" (1994) by Marlene Dumas ("MD") through defendants. As a material inducement, to sell "Reinhardt's Daughter" through defendants in the Secondary Market, the sale was subject to a confidentiality agreement in which defendants agreed, among other things, to keep the sale and plaintiff's identity strictly confidential ("Agreement I").

9. Plaintiff believed defendants' representations that defendants would maintain plaintiff's identity strictly confidential, when in fact defendants never had the intent to maintain confidentiality because defendants were seeking to exclusively represent the artist MD and intended to gain favor with MD by disclosing such confidential information to MD, in the hope of securing MD's consent to exclusively represent MD.

10. Thereafter in early 2005, defendants breached Agreement I by disclosing to MD that plaintiff had in fact sold "Reinhardt's Daughter," which defendants ultimately, apologetically and unequivocally admitted when plaintiff called defendants out on the issue. MD then immediately placed plaintiff on her personal "blacklist", i.e., that plaintiff would not be able to buy any MD artwork in the Primary Market.

11. The false and fraudulent statements, representations and warranties of confidentiality so made by defendants in Agreement I were known by defendants to be false when made and were made with intent to deceive and defraud plaintiff and to materially induce plaintiff to enter into Agreement I. Plaintiff would not have entered into Agreement I had plaintiff known the truth of the matter and has been accordingly damaged.

12. Defendants, disingenuously or otherwise, expressed remorse to plaintiff for breaching Agreement I and in

consideration of not commencing an action against defendants, entered into a further agreement with plaintiff, which specifically, among other things, provided that at such time that defendants exhibited works by MD, plaintiff would have first choice, after museums, to purchase one or more MD works of art at the time of such exhibition, plaintiff would have access again to MD's Primary Market work and plaintiff be removed from the blacklist ("Agreement II").

13. Upon information and belief, sometime in 2008, defendants became MD's exclusive representative, dealer and/or gallery.

14. Defendants have mounted their first exhibition of MD's Primary work entitled "Against the Wall." Its duration is from March 18, 2010 through April 24, 2010 at defendants' gallery located at 525 West 19th Street in New York City. Plaintiff demanded that defendants fulfill the terms of Agreement II with plaintiff and defendants refused to do so and did not give plaintiff first choice after museums to purchase one or more works of art by MD from the "Against the Wall" exhibition and instead, reluctantly gave plaintiff the right to purchase only (and no other work) MD's most aesthetically undesirable work that is not even exhibited in defendants' exhibition rooms.

15. Plaintiff relied upon and believed defendants' representations in Agreement II that defendants would give plaintiff first choice after museums to purchase one or more works of art by MD from the possible exhibition (which has occurred), plaintiff would have access again to MD's Primary Market work and plaintiff would be removed from the blacklist, when in fact defendants never had the intent to give plaintiff first choice, or remove plaintiff from the blacklist and/or provide plaintiff with full access to MD's Primary Market work because defendants were seeking to materially placate plaintiff and to stop plaintiff from commencing a lawsuit to protect his rights and/or recover damages caused by defendants' breach of and/or fraudulent inducement of Agreement I.

16. In March 2010, plaintiff advised defendants, which defendants have fully ignored, that his first choices of artwork by MD at the "Against the Wall" exhibition, were the following three paintings by MD (collectively, "Three Paintings"):

    i.    "Figure in a Landscape" (2010)
         Oil on linen
         70 7/8 x 118 1/8 x 1 inches (180 x 300 x 2.5 cm)
         DUMMA0188

    ii.   "Under Construction" (2009)
         Oil on linen
         70 7/8 x 118 1/8 x 1 inches (180 x 300 x 2.5 cm)
         DUMMA0189

    iii. "Wall Weeping" (2009)
        Oil on linen
        70 7/8 x 118 1/8 x 1 inches (180 x 300 x 2.5 cm)
        DUMMA0191

17. On March 24, 2010, plaintiff's counsel advised defendants' counsel in writing of plaintiff's first choices of artwork by MD at the "Against the Wall" exhibition from which plaintiff had the right to purchase one or more works. Defendants failed to respond and the within action was commenced expeditiously.

18. Despite due demand, defendants failed and refused to offer any of the Three Paintings to plaintiff for purchase and are attempting to defeat and thwart plaintiff's rights by offering the Three Paintings to other dealers, collectors and museums. Also, plaintiff still remains on MD's blacklist and plaintiff has not been granted full access to MD's Primary Market works.

19. Defendants' breach and/or fraudulent inducement of Agreement II has caused plaintiff to suffer irreparable damage as defendants fraudulent representations and omissions deprived Plaintiff of Plaintiff's rights as aforesaid, degrades and/or diminishes Plaintiff's current collection and takes Plaintiff's current collection off the list of frontier collectors of MD's work and limits Plaintiff's ability to have a full cross-section of MD's work.

20. The Three Paintings from the "Against the Wall" exhibition are unique, irreplaceable, and represent a limited and special body of work that relates to the subject matter of Israel and this is MD's first exhibit of Primary Market work in the United States in nine years. Defendants may not have another exhibit of MD's work as MD could change galleries at any time. Plaintiff obviously could not maintain such a first choice agreement with any other gallery or for MD's work as no other gallery represents MD. Plaintiff has a clear agreement, has rights which demonstrate a likelihood of success on the merits, and will suffer irreparable harm as the subject paintings are unique and money damages will not suffice to satisfy claims.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Specific Performance - Agreement II)**

21. Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

22. Defendants refuse to acknowledge plaintiff's legal interest in any of the Three Paintings by giving plaintiff first choice, after museums, to purchase one or more MD works of art from defendants' "Against the Wall" exhibition, to remove plaintiff from the blacklist and provide plaintiff with access to MD's Primary Market work.

23. Plaintiff has no adequate remedy at law.

24. As a result of the foregoing, Plaintiff is entitled to specific performance of Agreement II by defendants. Plaintiff is also entitled to a judgment or order enjoining and restraining defendants or their agents from selling, removing, disposing of, and/or otherwise transferring, at a minimum, one or more of the Three Paintings, and maintaining the status quo ante.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Breach of Agreement II)**

25. Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

26. Plaintiff faithfully and duly performed all of the terms and conditions required of plaintiff to be performed concerning Agreement II.

27. Defendants materially breached Agreement II by failing and refusing to give plaintiff first choice after museums to purchase one or more works of art by MD from the "Against the Wall" exhibition, and/or failing and refusing to remove plaintiff from the blacklist and/or failing to give plaintiff full access to MD's Primary Market work, including without limitation failing and refusing to offer any of the Three Paintings to plaintiff for purchase and/or failing and refusing to accept plaintiff's choice to purchase any of the Three Paintings.

28. As a result of the foregoing, plaintiff duly seeks a judgment or order enjoining and restraining defendants or their agents from selling, removing, disposing of, and/or otherwise transferring, at a minimum one or more of the Three Paintings, and maintaining the status quo ante and in the event the Court does not grant equitable relief, alternatively, as a result of the foregoing, plaintiff has been damaged in a sum exceeding $3,000,000.00, together with legal interest, costs and expenses, the precise amount to be proven at trial, including without limitation all consequential and incidental damages related thereto.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Fraudulent Inducement - Agreement II)**

29. Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

30. To materially induce plaintiff to refrain from taking legal or otherwise action against defendants to protect his rights and/or recover damages for defendants' breach and/or fraudulent inducement of Agreement I, defendants purposefully, falsely and fraudulently misrepresented that at such time that defendants exhibited works by MD, plaintiff shall have first choice, after museums, to purchase one or more such works of art by MD from such exhibition, plaintiff shall have access again to

MD's Primary Market work and plaintiff shall be removed from the blacklist.

31. As aforesaid, defendants never intended to give plaintiff such first choice to purchase one or more such works of art by MD from such exhibition, and/or remove plaintiff from the blacklist and/or provide plaintiff full access to MD's Primary Market work.

32. Defendants made each of the foregoing misrepresentations of first choice to purchase, removal from the blacklist and full access to MD's Primary Market works, to plaintiff with knowledge of their falsity and with the intent and for the purpose of materially defrauding plaintiff.

33. Plaintiff actually and justifiably relied on the misrepresentations and omissions of defendants set forth above.

34. Plaintiff, believing in the truth of defendants' statements and representations, and in reliance upon those statements and representations, was thereby materially induced to refrain from suing defendants or taking other legal action to protect his rights and recover damages, and/or enter into Agreement II, which plaintiff would not have done had plaintiff known the truth of the matter and accordingly has been damaged.

35. As a result of the foregoing, plaintiff seeks a judgment or order enjoining and restraining defendants or their agents from selling, removing, disposing of, and/or otherwise

transferring, at a minimum, one or more of the Three Paintings, and maintaining the status quo ante, and in the event the Court does not grant equitable relief, alternatively, as a result of the foregoing, plaintiff has been damaged in a sum exceeding $3,000,000.00, together with legal interest, costs and expenses, the precise amount to be proven at trial, including without limitation all consequential and incidental damages related thereto, and is further entitled to exemplary damages in a sum in excess of $5,000,000.00 as the conduct of defendant demonstrates reprehensible motives and such wanton dishonesty as to imply a criminal indifference to civil obligations.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Breach of Agreement I)**

36. Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

37. Plaintiff faithfully and duly performed all of the terms and conditions required of plaintiff to be performed concerning Agreement I.

38. Defendants materially breached Agreement I by disclosing to MD that plaintiff had sold "Reinhardt's Daughter."

39. Defendants' breach of Agreement I is a material breach which caused MD to place plaintiff on her personal "blacklist" i.e. that plaintiff would not be able to buy any artwork by MD in the Primary Market.

40. As a result of the foregoing, plaintiff has been damaged in a sum exceeding $3,000,000.00, together with legal interest, costs and expenses, the precise amount to be proven at trial, including without limitation all consequential and incidental damages related thereto.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Fraudulent Inducement - Agreement I)**

41. Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

42. To materially induce plaintiff to sell "Reinhardt's Daughter", defendants purposefully, falsely and fraudulently misrepresented that defendants would, among other things, keep plaintiff's identity strictly confidential and not disclose plaintiff's identity to the artist MD.

43. As aforesaid, defendants never intended to maintain confidentiality from MD and did not do so.

44. Defendants made each of the foregoing misrepresentations of confidentiality to plaintiff with knowledge of their falsity and with the intent and for the purpose of defrauding plaintiff.

45. Plaintiff actually and justifiably relied on the misrepresentations and omissions of defendants set forth above in selling "Reinhardt's Daughter."

46. Plaintiff, believing in the truth of defendants' statements and representations, and in reliance upon those statements and representations, was thereby induced to sell "Reinhardt's Daughter", which plaintiff would not have done had plaintiff known the truth of the matter and accordingly has been damaged.

47. As a result of the foregoing, plaintiff has been damaged in a sum exceeding $3,000,000.00, together with legal interest, costs and expenses, the precise amount to be proven at trial, including without limitation all consequential and incidental damages related thereto and is further entitled to exemplary damages in a sum in excess of $5,000,000.00 as the conduct of defendant demonstrates reprehensible motives and such wanton dishonesty as to imply a criminal indifference to civil obligations.

**JURY DEMAND**

Plaintiff demands a jury for all non-equitable claims stated herein.

WHEREFORE, plaintiff demands judgment against defendants as follows:

a. On the First Cause of Action, against defendants, a judgment:

i. ordering and decreeing that defendants specifically perform Agreement II; and/or

   ii.   adjudging that the plaintiff has the right of first choice after museums to purchase one or more works of art by MD from the "Against the Wall" exhibition.

   Plaintiff is also entitled to a judgment or order enjoining and restraining defendants or their agents from selling, removing, disposing of, and/or otherwise transferring, at a minimum, one or more of the Three Paintings, and maintaining the status quo ante;

   b.   On the Second Cause of Action, against defendants, plaintiff duly seeks a judgment or order enjoining and restraining defendants or their agents from selling, removing, disposing of, and/or otherwise transferring, at a minimum, one or more of the Three Paintings, and maintaining the status quo ante; and

   In the event the Court does not grant equitable relief, alternatively, plaintiff duly seeks a judgment against defendants for a sum in excess of $3,000,000.00, together with legal interest, costs and expenses, the precise amount to be proven at trial, including without limitation all consequential and incidental damages related thereto.

   c.   On the Third Cause of Action, against defendants, plaintiff duly seeks a judgment or order enjoining and restraining defendants or their agents from selling, removing, disposing of, and/or otherwise transferring, at a minimum, one

or more of the Three Paintings, and maintaining the status quo ante; and

In the event the Court does not grant equitable relief, alternatively, plaintiff duly seeks a judgment against defendants for a sum in excess of $3,000,000.00, together with legal interest, costs and expenses, the precise amount to be proven at trial, including without limitation all consequential and incidental damages related thereto, and is further entitled to exemplary damages in a sum in excess of $5,000,000.00 as the conduct of defendants demonstrates reprehensible motives and such wanton dishonesty as to imply a criminal indifference to civil obligations.

d. On the fourth cause of action against defendants, plaintiff duly seeks a judgment against defendants for a sum in excess of $3,000,000.00, together with legal interest, costs and expenses, the precise amount to be proven at trial, including without limitation all consequential and incidental damages related thereto;

e. On the fifth cause of action against defendants, plaintiff duly seeks a judgment against defendants for a sum in excess of $3,000,000.00, together with legal interest, costs and expenses, the precise amount to be proven at trial, including without limitation all consequential and incidental damages related thereto, and is further entitled to exemplary damages in

a sum in excess of $5,000,000.00 as the conduct of defendants demonstrates reprehensible motives and such wanton dishonesty as to imply a criminal indifference to civil obligations; and

f. Granting to the plaintiff such other and further relief as this Court shall deem just and proper, together with the costs and disbursements of this action, and reasonable attorney's fees.

Dated: New York, New York
March 29, 2010

Respectfully submitted,

AARON RICHARD GOLUB, ESQUIRE, P.C.
Attorney for Plaintiff
42 East 64th Street
New York, New York 10065
ph: 212 838 4811
fx: 212 838 4869
ARG 6056

**=========NOTICE OF ENTRY===========**

PLEASE take notice that the within is a (certified) true copy of a

duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

Attorney for

*Office and Post Office Address*
Aaron Richard Golub, Esquire, P.C.
42 East 64th Street
New York, New York 10065

To

Attorney(s) for

**=======NOTICE OF SETTLEMENT=======**

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon.
on

at M.

Dated,

Yours, etc.

Attorney for
Aaron Richard Golub, Esquire, P.C.
42 East 64th Street
New York, New York 10065

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action No. 10-CIV-2787-WHP (ECF)

CRAIG ROBINS,

Plaintiff,

-against-

DAVID ZWIRNER,
DAVID ZWIRNER GALLERY, LLC, and
DAVID ZWIRNER, INC.,

Defendants.

**SUMMONS AND COMPLAINT**

*Attorney for* Plaintiff
*Office and Post Office Address, Telephone*
Aaron Richard Golub, Esquire, P.C.
42 East 64th Street
New York, New York 10065
212-838-4811

To

Attorney(s) for

Service of copy of the within is hereby admitted

Dated

..............................................................

Attorney(s) for