AARON RICHARD GOLUB, ESQUIRE, PC
Attorneys for Plaintiff
42 East 64th Street
New York, New York 10065
ph: 212-838 4811
fx: 212-838-4869
ARG 6056

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X   10-Civ-2787 (WHP)
CRAIG ROBINS,

                    Plaintiff,

   -against-

DAVID ZWIRNER,
DAVID ZWIRNER GALLERY, LLC, and
DAVID ZWIRNER, INC.,

                    Defendants.
----------------------------------------X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

                                   AARON RICHARD GOLUB, ESQUIRE, PC
                                   Attorney for Plaintiff
                                   42 East 64th Street
                                   New York, New York 10065
                                   ph: 212-838-4811
                                   fx: 212-838-4869

Of Counsel:
    Aaron Richard Golub
    Nehemiah S. Glanc
    David Lu

**TABLE OF CONTENTS**

POINT I
THE AGREEMENTS DO NOT COME WITHIN THE STAUTE OF FRAUDS. . . . . . . 1

    A.    Agreement II May Be Performed Within A Year And Is Not Governed By The Statute Of Frauds . . . . . . . . . . . 1

    B.    Promissory Estoppel Bars The Statute of Frauds and UCC Sec. 2-201 Defense . . . . . . . . . . . . . . . 2

    C.    Agreement II Is Predominantly For Services. . . . . . . 4

    D.    Agreement II Is Not Void For Vagueness. . . . . . . . . 5

    E.    Plaintiff Is And Will Be Irreparably Harmed . . . . . . 7

    F.    Agreement I Is Not Governed By The Statute Of Frauds . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT II
PLAINTIFF'S FRAUDULENT INDUCEMENT CLAIMS ARE NOT
DUPLICATIVE OF THE BREACH OF CONTRACT CLAIMS. . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

**TABLE OF AUTHORITIES**

166 Mamaroneck Ave. Corp. v. 151 East Post Road Corp.,
78 N.Y.2d 88, 571 N.Y.S.2d 686 (1991). . . . . . . . . . . . . . . . . .6

Arbitron, Inc. v. Tralyn Broadcasting, Inc.,
400 F.3d 130, 137 (2d Cir. 2005) ). . . . . . . . . . . . . . . . . . .6

Aries Ventures, Ltd. v. Axa Finance S.A.,
729 F.Supp. 289, 298 (SDNY 1990) . . . . . . . . . . . . . . . . . . 10

Backer v. Lewit,
180 A.D.2d 134, 584 N.Y.S.2d 480 (1st Dept. 1992) . . . . . . . . . 10

Barry v. Liddle, O'Connor, Finkelstein & Robinson,
98 F.3d 36 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . 6

Bazak Intern. Corp. v. Mast Industries, Inc.,
73 N.Y.2d 113, 538 N.Y.S.2d 503 (1989). . . . . . . . . . . . . . 9, 10

Bower v. Weisman, 650 F.Supp. 1415 (SDNY 1986) ). . . . . . . . . . 9

Buddman Distribs., Inc. v. Labatt Imps., Inc.,
91 A.D.2d 838, 458 N.Y.S.2d 395, 397 (4th Dep't 1982) ). . . .. 2-3, 4

Carvel Corp. v. Diversified Management,
1989 WL 58025 (SDNY May 23, 1989) . . . . . . . . . . . . . . . . .3

Channel Master Corp. v. Aluminum Ltd. Sales, Inc.,
176 N.Y.S.2d 259 (1958) . . . . . . . . . . . . . . . . . . . . . .9

Cobble Hill Nursing Home, Inc. v. Henry and Warren Corp.,
74 N.Y.2d 475, 548 N.Y.S.2d 920 (1989) . . . . . . . . . . . . . . 6

Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir.1994) . . . . . . . . . 9

Coolite Corp. v. American Cyanamid Co.,
52 A.D.2d 486, 384 N.Y.S.2d 808 (1st Dept. 1976) . . . . . . . . . 10

Commissioner v. Estate of Bosch,
387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967) . . . . . . . . 2

Computech Intern., Inc. v. Compaq Computer Corp.,
2002 WL 31398933 (SDNY October 24, 2002) . . . . . . . . . . . . .8

Costello Associates Inc. v. Standard Metals Corp.,
121 Misc.2d 282, 465 N.Y.S.2d 382 (Sup. Ct. New York Co. 1982),
mod. on other grounds 99 A.D.2d 227,
472 N.Y.S.2d 325 (1st Dept. 1984). . . . . . . . . . . . . . .8

Cron v. Hargro Fabrics, Inc.,
91 N.Y.2d 362, 670 N.Y.S.2d 973 (1998) . . . . . . . . . . . 1

Diversified Products, Inc. v. Tops Markets, Inc.,
2001 WL 640697 (WDNY June 7, 2001) . . . . . . . . . . . . 5-6

Esquire Radio & Electronics, Inc. v. Montgomery Ward & Co.,
804 F.2d 787 (2d Cir.1986) . . . . . . . . . . . . . . . . . 4

Freedman v. Chemical Const. Corp.,
43 N.Y.2d 260, 401 N.Y.S.2d 176 (1977) . . . . . . . . . . . 1

Held v. Kaufman, 91 N.Y.2d 425, 671 N.Y.S.2d 429 (1998) . . . .6

Hessel v. Christie's Inc., 399 F.Supp.2d 506 (SDNY 2005). . . . 7

Heyman Cohen & Sons v. M. Lurie Woolen Co.,
232 N.Y. 112, 114 (1921) . . . . . . . . . . . . . . . . . . 6

Gonzalez v. Don King Productions, Inc.,
17 F. Supp. 2d 313 (SDNY 1998) . . . . . . . . . . . . . . . 6

Greenley v. Greenley,
114 A.D. 640, 100 N.Y.S. 114 (4th Dep't 1906) . . . . . . . . .8

Gruner + Jahr Printing and Pub. Co. v. Damian Music,
2001 WL 936296 (SDNY August 16, 2001) . . . . . . . . . . . .6

Locke v. Pembroke, 280 N.Y. 430 (1939). . . . . . . . . . . . .1

Marbelite Co., Inc. v. National Sign and Signal Co., Inc.,
2 Fed.Appx. 118, 2001 WL 50939 (2d Cir. January 22, 2001) . . . 4, 5

Mar Oil, S.A. v. Morrissey, 982 F.2d 830 (2d Cir. 1993). . . . . .6

Merex A.G. v. Fairchild Weston Sys.,
29 F.3d 821 (2d Cir.1994) . . . . . . . . . . . . . . . . 2, 3

Montgomery v. Futuristic Foods, Inc.,
66 A.D.2d 64, 411 N.Y.S.2d 371 (2d Dept. 1978) . . . . . . . . 8

North American Leisure Corp. v. A & B Duplicators, Ltd.,
468 F.2d 695, 697 (2d Cir.1972) . . . . . . . . . . . . . . . . 4

P.A. Bergner & Co. v. Martinez,
823 F.Supp. 151 (SDNY 1993) . . . . . . . . . . . . . . . . . . 9

Pando by Pando v. Fernandez,
127 Misc.2d 224, 485 N.Y.S.2d 162 (Sup. Ct. New York Co. 1984) . . 8

Personalized Media Communications, L.L.C. v.
StarSight Telecast, Inc.,
2000 WL 1457079 (SDNY September 28, 2000) . . . . . . . . . . . 5

Philo Smith & Co. v. USLIFE Corp.,
554 F.2d 34 (2d Cir.1977) . . . . . . . . . . . . . . . . . . 2, 8

R.S. Stokvis & Sons v. Kearney & Trecker Corp.,
58 F. Supp. 260 (SDNY 1944) . . . . . . . . . . . . . . . . . . 7

Rule v. Brine, Inc., 85 F.3d 1002 (2d Cir. 1996) . . . . . . . . 6

Sabo v. Delmen, 164 N.Y.S.2d 714 (1957) . . . . . . . . . . . . 9

Salatino v. Salatino,
13 A.D.3d 512, 786 N.Y.S.2d 570 (2d Dep't 2004) . . . . . . . . 2

Savasta v. 470 Newport Associates,
82 N.Y.2d 763, 603 N.Y.S.2d 821 (1993) . . . . . . . . . . . . . 6

Special Event v. Rockefeller Center, Inc.,
458 F.Supp. 72 (SDNY 1978) . . . . . . . . . . . . . . . . . 3-4

Telecommunications Technology Corp. v.
Deutsche Bank AG.,
235 A.D.2d 288, 652 N.Y.S.2d 291 (1st Dept. 1997) . . . . . . . 6

Triangle Underwriters, Inc. v. Honeywell, Inc.,
604 F.2d 737 (2d Cir.1979) . . . . . . . . . . . . . . . . . . 10

Trilogy Stores, Ltd. v. City Prods. Corp.,
523 F. Supp 691 (SDNY 1981) . . . . . . . . . . . . . . . . . . 2

Warren Chemical & Mfg. Co. v. Holbrook,
118 N.Y. 586 (1890) . . . . . . . . . . . . . . . . . . . . . . 1

Wood v. Village of Richfield Springs,
163 A.D. 103, 148 N.Y.S. 498 (3d Dep't 1914) . . . . . . . . . 8

N.Y. Gen. Oblig. Law 5-701(a)(1). . . . . . . . . . . . . . . . . . . 1

UCC § 1-103. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

UCC § 2-201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

UCC § 2-305. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Williston on Contracts § 4:22 (4th ed.). . . . . . . . . . . . . . . 7

**POINT I**
**THE AGREEMENTS DO NOT COME WITHIN THE STAUTE OF FRAUDS**

A.  **Agreement II[1] May Be Performed Within A Year And Is Not Governed By The Statute Of Frauds**

Agreement II is not of infinite duration and not governed by N.Y. Gen. Oblig. Law 5-701(a)(1). The statutory phrase "By its terms is not to be performed within one year," includes only those agreements which, by their terms, **cannot be** performed within one year from the making, even though the agreement conceivably may extend beyond the year. See Cron v. Hargro Fabrics, Inc., 91 N.Y.2d 362, 670 N.Y.S.2d 973 (1998) holding:

> "We have long interpreted this provision of the Statute of Frauds to encompass only those contracts which, by their terms, have absolutely no possibility in fact and law of full performance within one year [citation omitted]… [T]he Statute of Frauds will not act as a bar however unexpected, unlikely, or even improbable that such performance will occur during that time frame [several citations omitted]." Id., 670 N.Y.S.2d at 975.

See also Freedman v. Chemical Const. Corp., 43 N.Y.2d 260, 401 N.Y.S.2d 176 (1977); Locke v. Pembroke, 280 N.Y. 430 (1939). If there is a possibility of performance within a year, the agreement remains binding even after the one year expiration. Cron, supra; Warren Chemical & Mfg. Co. v. Holbrook, 118 N.Y. 586 (1890).

Each element of Agreement II is and was fully capable of performance within one year. Removing plaintiff from the blacklist and providing plaintiff with full access to MD's primary work was fully capable of performance within one year and defendants do not argue otherwise. There was also the possibility that defendants would become MD's dealer and mount an exhibition of MD's primary works

within a year of making Agreement II. Accordingly, that portion of Agreement II in which defendants agreed that plaintiff would have first choice of MD works at defendants' next exhibition of MD works, was also capable of performance within a year and thus not within the Statute of Frauds.

### B. Promissory Estoppel Bars The Statute of Frauds and UCC Sec. 2-201 Defense

Promissory estoppel bars a Statute of Frauds and UCC 2-201[2] defense when the following three elements are present: a clear and unambiguous promise; reasonable and foreseeable reliance by the party to whom the promise is made; and an unconscionable injury sustained by the party asserting the estoppel by reason of the reliance. Philo Smith & Co. v. USLIFE Corp., 554 F.2d 34 (2d Cir.1977); Merex A.G. v. Fairchild Weston Sys., 29 F.3d 821 (2d Cir.1994); Trilogy Stores, Ltd. v. City Prods. Corp., 523 F. Supp 691 (SDNY 1981), unconscionability met by plaintiffs' allegations that it made $10,000.00 in capital expenditures and improvements upon defendant's oral promise; Salatino v. Salatino, 13 A.D.3d 512, 786 N.Y.S.2d 570 (2d Dep't 2004) unconscionability met where plaintiff alleged she managed and maintained properties in reliance upon an oral conveyance; Buddman Distribs., Inc. v. Labatt Imps., Inc., 91 A.D.2d 838, 458 N.Y.S.2d 395, 397 (4th Dep't 1982) plaintiff expended substantial sums relying on defendant's oral promise which it otherwise "would not have had to

---

1 Agreement II is defined in the Complaint (Ex. 13) at par. 12.

2 See UCC § 1-103 providing that common law principles of equity like estoppel are applicable to UCC contracts. See also Commissioner v. Estate of Bosch, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782-83, 18 L.Ed.2d 886 (1967).

expend, ... [including] purchas[ing] vans and trailers and leas[ing] warehouse space to comply with the contract".

Plaintiff has satisfied all three elements of promissory estoppel. Agreement II is a clear and unambiguous promise. A third party, direct, fact witness exists, who will fully corroborate Agreement II (Robins aff. Par. 16).

Plaintiff reasonably and foreseeably relied on Agreement II and sustained unconscionable injuries as a result of such reliance (Robins rep. aff. Par. 11-15, 16-21). Plaintiff would not have made the Ofili deal with defendants in April, 2006 (see DZ Decl. par. 19; Robins rep. aff. Par. 16(viii)), had he believed the MD matter was not resolved by Agreement II. Exhibits 14-16 are e-mail chains between plaintiff, Jack Tilton and Kristine Bell (defendants gallery manager) concerning the Ofili painting and deal referenced in par. 16.(viii) of plaintiff's reply affidavit. These exhibits further evidence that there was a dispute between plaintiff and defendants (as a result of defendants' breach of Agreement I). Plaintiff was unwilling to enter into any new business arrangement, concerning inter alia, the Ofili painting with DZ until the dispute between plaintiff and DZ had been fully resolved.

Determining whether the circumstances are so egregious as to render it unconscionable to permit defendants to invoke the Statute of Frauds, should await a full determination of the facts at trial. See Merex A.G., supra; Carvel Corp. v. Diversified Management, 1989 WL 58025 (SDNY May 23, 1989); Special Event v. Rockefeller Center, Inc.,

458 F.Supp. 72 (SDNY 1978); Buddman, supra.

### C. Agreement II Is Predominantly For Services

The UCC does not apply to a contract that fundamentally or predominantly involves performance of services, rather than sale of goods. See North American Leisure Corp. v. A & B Duplicators, Ltd., 468 F.2d 695, 697 (2d Cir.1972) holding "[w]e must look to the 'essence' of the agreement. When service predominates, the incidental sale of items of personal property, does not alter the basic transaction." Marbelite Co., Inc. v. National Sign and Signal Co., Inc., 2 Fed.Appx. 118, 2001 WL 50939 (2d Cir. January 22, 2001); Esquire Radio & Electronics, Inc. v. Montgomery Ward & Co., 804 F.2d 787, 794-95 (2d Cir.1986).

Defendants' reference to Marbelite, supra (Defs. Memo p. 10) is persuasive authority for the proposition that Agreement II was predominantly for services. In Marbelite, supra, the plaintiff was the interface - middleman - between the creator of the goods and the end user. Similarly, in this case, defendants are the interface - middleman- between the artist MD and the buying public. Defendants do not create the works of art. Defendants provide only services including access to the artist's works.

Agreement II has three basic, if not simple, elements: (1) to get plaintiff off the blacklist; (2) provide plaintiff with access to MD's primary work; and (3) provide first choice of defendants' exhibit of MD's primary works. Defendants' performance of that part of Agreement II in which plaintiff has first choice to purchase one or more primary works of art by MD, is proof that plaintiff is off the blacklist and has been restored with access to MD's primary work. The central cause of Agreement II's creation is that plaintiff was blacklisted by MD as a result of defendants' breach of the confidentiality in Agreement I

-4-

(Robins aff. Par. 6-8).

The issue of whether Agreement II is predominantly for services or goods, is fact driven. See Marbelite, supra holding the issue "could not be resolved as a matter of law . . . it should have been submitted to the jury." Id., 2 Fed.Appx. at 120.

### D. Agreement II Is Not Void For Vagueness

The essential terms necessary to form a contract are the identification of the parties, a sufficient description of the subject matter and consideration. Personalized Media Communications, L.L.C. v. StarSight Telecast, Inc., 2000 WL 1457079 (SDNY September 28, 2000).

None of the purported essential terms are missing. The identification of the parties in Agreement II is plaintiff and defendants. The subject matter is plaintiff's first choice of at least two MD paintings at defendants' next exhibition of MD's primary work. Defendants' purposefully ambiguous construction (Defs. Memo p. 12) is nonsensical. Nowhere does plaintiff allege that he is entitled to buy every single MD work for an indeterminate price or for an indefinite period. Plaintiff repeatedly alleges that he is entitled to only two of the Three Paintings and that defendants are guaranteed payment for any of the Three Paintings at the prices preset by defendants (Robins Rep. Decl. par. 28).

It is the custom and practice in the art world that Primary Market prices for an exhibition are established at the beginning of the exhibition - this can be established by expert testimony. They are the same for any purchaser (Robins rep. aff. Par. 28). As defendants always knew, plaintiff always intended to purchase one or more paintings at defendants' prices (Robins rep. aff. Par. 28).[3]

---

[3] UCC 2-305 for example, allows parties to enter into a contract for the sale of goods even though the sale price is not yet settled. Diversified Products, Inc. v. Tops Markets, Inc., 2001 WL 640697

- 5 -

Commercial practice or trade usage or the parties' past and subsequent conduct may be used to give meaning to alleged uncertain terms. <u>Cobble Hill Nursing Home, Inc. v. Henry and Warren Corp.</u>, 74 N.Y.2d 475, 483, 548 N.Y.S.2d 920, 923 (1989); <u>Barry v. Liddle, O'Connor, Finkelstein & Robinson</u>, 98 F.3d 36, 40 (2d Cir. 1996); <u>Rule v. Brine, Inc.</u>, 85 F.3d 1002, 1010 (2d Cir. 1996) holding term "reasonable" price "may be sufficiently definite, in light of the industry standards, to make the contract enforceable"; <u>Mar Oil, S.A. v. Morrissey</u>, 982 F.2d 830, 840 (2d Cir. 1993) holding compensation term determined by referring to industry practice"; <u>Gruner + Jahr Printing and Pub. Co. v. Damian Music</u>, 2001 WL 936296 (SDNY August 16, 2001).

Moreover, courts are reluctant to apply the indefiniteness doctrine and apply it **only** where indefiniteness reaches the point where construction becomes futile. <u>Heyman Cohen & Sons v. M. Lurie Woolen Co.</u>, 232 N.Y. 112, 114 (1921) (Cardozo, J.); <u>166 Mamaroneck Ave. Corp. v. 151 East Post Road Corp.</u>, 78 N.Y.2d 88, 91, 571 N.Y.S.2d 686, 687 (1991) holding indefiniteness is "at best, a last resort"; <u>Gonzalez v. Don King Productions, Inc.</u>, 17 F. Supp. 2d 313, 315 (SDNY 1998). The parties will be held to their bargain wherever it is clear that they intended to be bound and there exists an objective method for supplying the alleged indefinite essential term.[4]

---

(WDNY June 7, 2001). In UCC contracts, there is a strong presumption that agreements are enforceable even if the price terms are not definite. <u>Arbitron, Inc. v. Tralyn Broadcasting, Inc.</u>, 400 F.3d 130, 137 (2d Cir. 2005).

  Courts may imply a reasonable time of performance in light of the facts and circumstances of the particular case. <u>Savasta v. 470 Newport Associates</u>, 82 N.Y.2d 763, 765, 603 N.Y.S.2d 821, 822 (1993); <u>Telecommunications Technology Corp. v. Deutsche Bank AG.</u>, 235 A.D.2d 288, 652 N.Y.S.2d 291 (1st Dept. 1997). Purported failure to state a specified time for performance does not constitute indefiniteness that would warrant dismissal at the pleading stage. <u>Held v. Kaufman</u>, 91 N.Y.2d 425, 432, 671 N.Y.S.2d 429, 432 (1998).

4 See <u>Heyman</u> supra, reversing summary judgment where option agreement failed to specify time

- 6 -

### E. Plaintiff Is And Will Be Irreparably Harmed

Defendants principally rely on Hessel v. Christie's Inc., 399 F.Supp.2d 506 (SDNY 2005) (Def. Memo pp. 7-8, 16). Hessel, however, generally supports plaintiff's position. The court denied the preliminary injunction, but not because the paintings were not unique. To the contrary, the court agreed with plaintiff that paintings are indeed unique, and that no monetary award can compensate for the loss of such unique property and that if Christie's is not enjoined from selling the two paintings, plaintiff will lose the paintings forever. Id., at 519. However, the court denied the preliminary injunction because plaintiff could not demonstrate a likelihood of success on the merits, holding:

> "Because the Court is likely to find that the Conditions of Sale apply to the contract between Hessel and Christie's, Hessel cannot demonstrate a likelihood of success on the merits . . . Since Hessel has not paid in full . . ." Id., at 517-519

Plaintiff at bar has asserted a contract with defendants which plaintiff is fully ready, able and willing to perform. The defendants refuse to sell the paintings to plaintiff. Defendants have never given plaintiff the opportunity to perform the contract.

### F. Agreement I[5] Is Not Governed By The Statute Of Frauds

The purpose of the statute of frauds is to prevent fraud and not perpetrate a fraud by offering an asylum of escape from fraudulent

---

in which option would expire; R.S. Stokvis & Sons v. Kearney & Trecker Corp., 58 F. Supp. 260, 266 (SDNY 1944) which enforced an exclusive representation agreement that contained no provisions regarding quantities, prices or payments; Williston on Contracts § 4:22 (4th ed.) stating that when "the parties' language and conduct evidences an intent to contract, and there is some reasonable means for giving an appropriate remedy, the court will strain to implement their intent".

5   Agreement I is defined in the Complaint (Ex. 13) at par. 8. Exhibits 14-16 are additional written evidence that plaintiff and DZ had a confidentially agreement concerning Agreement I which DZ breached causing a disagreement between the parties which precipitated Agreement II.

-7-

conduct or to take advantage of one's own wrong. See Philo, supra. Defendant DZ concedes that he never intended to maintain confidentiality **after** the sale had concluded (DZ Decl. par. 11-13). DZ states he felt it was his obligation to inform MD that plaintiff had sold Reinhardt's Daughter (DZ Decl. par. 11-13), which in effect admits an intentional breach of Agreement I. Defendants do not argue that the actual sale of Reinhardt's Daughter in Agreement I was violative of the statute of frauds. Defendants cannot take advantage of the part of Agreement I which is favorable, because it is in writing, and reject another purportedly unfavorable part of Agreement I, because it is not in writing. Wood v. Village of Richfield Springs, 163 A.D. 103, 148 N.Y.S. 498 (3d Dep't 1914); Greenley v. Greenley, 114 A.D. 640, 100 N.Y.S. 114 (4th Dep't 1906).[6]

Moreover, a contract is outside the statute of frauds where there has been full performance of the contract by both sides. Montgomery v. Futuristic Foods, Inc., 66 A.D.2d 64, 411 N.Y.S.2d 371 (2d Dept. 1978); Pando by Pando v. Fernandez, 127 Misc.2d 224, 485 N.Y.S.2d 162 (Sup. Ct. New York Co. 1984); Costello Associates Inc. v. Standard Metals Corp., 121 Misc.2d 282, 465 N.Y.S.2d 382 (Sup. Ct. New York Co. 1982), mod. on other grounds 99 A.D.2d 227, 472 N.Y.S.2d 325 (1st Dept. 1984). Defendants concede that all terms of Agreement I were performed (DZ Decl. par. 5-6) and that confidentiality was maintained for some time during and following the sale (DZ Decl. par. 9 and 13). Reinhardt's Daughter was delivered to defendants, sold by defendants

---

[6] Computech Intern., Inc. v. Compaq Computer Corp., 2002 WL 31398933 (SDNY October 24, 2002) (Defs. Memo p. 10) is fully distinguishable. In Computech, the defendants did not argue

- 8 -

and defendants collected a commission from both parties (Ex. A to DZ Decl.), which all occurred within one year of making Agreement I. The confidentiality obligation became fixed at the time of the sale and defendants breached the agreement within one year. Except for confidentiality, no further performance on the part of the plaintiff or the defendants – with the lessened opportunity for fraud – was involved.

## POINT II
## PLAINTIFF'S FRAUDULENT INDUCEMENT CLAIMS ARE NOT DUPLICATIVE OF THE BREACH OF CONTRACT CLAIMS

Although a failure to perform promises of future acts is a breach of contract to be enforced by an action in contract, an action for fraud exists, independent of a breach of contract action, when a promise was actually made with a preconceived and undisclosed intention of not performing it. Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir.1994); P.A. Bergner & Co. v. Martinez, 823 F.Supp. 151, 161 (SDNY 1993); Sabo v. Delmen, 164 N.Y.S.2d 714 (1957); Channel Master Corp. v. Aluminum Ltd. Sales, Inc., 176 N.Y.S.2d 259, 262-63 (1958) holding:

> "[W]here a defendant has fraudulently and positively as with personal knowledge stated that something was to be done when he knew all the time it was not to be done and that his representations were false.... [and] [i]t is not a case of prophecy and prediction of something which it is merely hoped or expected will occur in the future, but a specific affirmation of an arrangement under which something is to occur ... [s]uch statements and representations when false are actionable..." Id., at 262-263.

See also Bower v. Weisman, 650 F.Supp. 1415, 1422-23 (SDNY 1986); Bazak Intern. Corp. v. Mast Industries, Inc., 73 N.Y.2d 113, 538

---

that certain parts of the contract were enforceable and others were not.

N.Y.S.2d 503 (1989).

Moreover, New York law recognizes a cause of action for fraud in the inducement of a contract distinct from a claim that a party failed to perform the contractual obligations themselves. <u>Aries Ventures, Ltd. v. Axa Finance S.A.</u>, 729 F.Supp. 289, 298 (SDNY 1990); <u>Triangle Underwriters, Inc. v. Honeywell, Inc.</u>, 604 F.2d 737, 746-47 (2d Cir.1979); <u>Backer v. Lewit</u>, 180 A.D.2d 134, 584 N.Y.S.2d 480,483 (1st Dept. 1992); <u>Coolite Corp. v. American Cyanamid Co.</u>, 52 A.D.2d 486, 384 N.Y.S.2d 808, 810 (1st Dept. 1976). Plaintiff's two fraudulent inducement claims are not dismissible or duplicative of the breach of contract claims.

## CONCLUSION

For the foregoing reasons, plaintiff's Order to Show Cause should be granted in its entirety, together with such other and further relief as to this Court seems just and proper.

Dated:      New York, New York
            April 12, 2010

                                    Respectfully submitted,

                                    AARON RICHARD GOLUB, ESQUIRE, P.C.

                                    s/ Aaron Richard Golub
                                    By: Aaron Richard Golub
                                    Attorney for Plaintiff
                                    42 East 64th Street
                                    New York, New York 10065
                                    ph: 212-838-4811
                                    fx: 212-838-4869
                                    e-mail: argolub@argolub.com
                                    ARG 6056

Of Counsel:
    Aaron Richard Golub
    Nehemiah S. Glanc
    David Lu

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
════════════════════════════════════
Civil Action No.10-CV-2787-WHP-(ECF)

CRAIG ROBINS,

                Plaintiff,

-against-

DAVID ZWIRNER,
DAVID ZWIRNER GALLERY, LLC, and
DAVID ZWIRNER, INC.,

                Defendants.

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

*Attorney for Plaintiff*
*Office and Post Office Address, Telephone*
Aaron Richard Golub, Esquire, P.C.
42 East 64th Street
New York, New York 10065
212-838-4811

To

Attorney(s) for

Service of copy of the within is hereby admitted

Dated

..................

═══════════NOTICE OF ENTRY═══════════

PLEASE take notice that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

Dated,

    Yours, etc.

Attorney for
*Office and Post Office Address*
Aaron Richard Golub, Esquire, P.C.
42 East 64th Street
New York, New York 10065

To

Attorney(s) for

═══════════NOTICE OF SETTLEMENT═══════════

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
on
at    M.

Dated,

    Yours, etc.

Attorney for
Aaron Richard Golub, Esquire, P.C.
42 East 64th Street
New York, New York 10065